UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                Case No. 08-cr-28-1-SM
                                       Opinion No. 2012 DNH 043
Tut Agistino Wegn


                            **O R D E R**


     The defendant, Tut Agistino Wegn, moves for a sentence reduction based upon the cocaine base ("crack cocaine") amendments to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act") (document no. 24).  That motion was stayed pending the proposed amendment taking effect on November 1, 2011 (document no. 25), which has now occurred.  The defendant then moved for reconsideration and requested the imposition of a time-served sentence (document no. 26).  For the reasons stated below, the motion to reduce sentence and the related motion to reconsider are necessarily denied.


     On August 3, 2010, Congress enacted the Fair Sentencing Act to restore fairness to crack cocaine sentences.  Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum

sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010.  *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. § 994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to § 1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. § 994(u).  Part A amended the Drug Quantity Table in § 2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to § 2D1.1.  Part C deleted the cross reference in § 2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under § 2D1.1.  On November 1, 2011, the amendment to § 1B1.10 took effect, at which

time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible for a reduced sentence under the retroactively applicable amendment.

On April 15, 2008, the defendant pled guilty to a six (6) count Information charging him with four (4) counts of Distribution of Cocaine, in violation of 21 U.S.C. § 841 (a), and two (2) counts of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a). Based on the types and quantities of drugs involved, defendant's criminal history, and appropriate adjustments, the court determined the total offense level to be 27, and criminal history category to be III, which normally would dictate an advisory guideline range of 87 to 108 months. But, because the defendant was subject to a statutory minimum mandatory ten (10) year penalty with respect to his conviction on Count IV (21 U.S.C. § 841(a)(1), Distribution of Cocaine Base), the guideline sentencing range became 120 months by operation of § 5G1.1(b). After receiving a downward departure for substantial assistance on the government's motion made pursuant to 18 U.S.C.

§ 3553(e), the defendant was sentenced to 78 months on each count, to run concurrently.

On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the crack cocaine amendment (Amendments 750, Parts A anc C). The statutory mandatory minimum sentence of 10 years still sets the applicable Guideline Sentencing Range in defendant's case. The retroactive guideline amendment did not lower that range — it was 120 months when defendant was sentenced and it remains at 120 months now (because the Fair Sentencing Act's provisions are not retroactive). See, e.g., United States v. Curet, ___ F.3d ___, 2012 WL75392 (1st Cir. January 11, 2012).

The retroactive amendment, by its terms, does not apply to defendant. Because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a))1), defendant is not entitled to sentence relief. See also U.S.S.G. § 1B1.10(a)(2)(B). Application Note 1(A) to Section 1B1.10 confirms that conclusion: "Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . [if the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range

4

because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."

## Conclusion

Because defendant's guideline range was not lowered by the retroactive amendment, due to application of a statutory mandatory minimum term of imprisonment, he is not eligible for a reduction of his sentence. Defendant's motion to reduce sentence (document no. 24), and his motion to reconsider the stay order (document no. 26), are denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 10, 2012

cc: Tut Agistino Wegn, pro se
    Debra M. Walsh, Esq.